[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15004
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20500-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HORACIO CRUZ-RODRIGUEZ,
a.k.a. Jose Mejia-Rodriguez,
a.k.a. Jose Cruz-Rodriguez,
a.k.a. Jose Cruz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 30, 2018)

Before MARCUS, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Horacio Cruz-Rodriguez appeals his 40-month sentence for illegal reentry of a previously deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). On appeal, Cruz-Rodriguez argues that the district court imposed a procedurally unreasonable sentence because it "anchor[ed]" Cruz-Rodriguez's sentence to his prior 37-month sentence for illegal reentry rather than to his current advisory guidelines range of 8 to 14 months. After review, we find no procedural error and affirm Cruz-Rodriguez's sentence.

## I. GENERAL PRINCIPLES

We review the reasonableness of a sentence under the deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party challenging the sentence has the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). In reviewing the procedural reasonableness of a sentence, we consider whether the district court committed any significant procedural error, such as failing to calculate or improperly calculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) sentencing

2

factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence.  Gall, 552 U.S. at 51, 128 S. Ct. at 597.[1]

Although the Sentencing Guidelines are now advisory after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court must still calculate correctly and consider the advisory guidelines range at sentencing.  United States v. Pugh, 515 F.3d 1179, 1190 (2008).  A failure to do so results in a procedurally unreasonable sentence.  See Gall, 552 U.S. at 51, 128 S. Ct. at 597.[2]

## II.  CRUZ-RODRIGUEZ'S SENTENCE

Here, the record refutes Cruz-Rodriguez's claim that the district court erroneously anchored his sentence to his prior illegal reentry sentence.  At sentencing, the district court began by noting that, according to the presentence investigation report ("PSI") (to which Cruz-Rodriguez did not object), the advisory guidelines range was "8 to 14 months based on a total offense level of 10 and a criminal history category of [II]."

The district court turned to the government's motion for an upward variance. The government's motion sought a 60-month sentence, arguing that: (1) Cruz-Rodriguez was previously removed from the United States five times; (2) Cruz-

---

[1]Cruz-Rodriguez does not argue that his sentence is substantively unreasonable.

[2]The parties disagree as to whether our review is for plain error or preserved error in light of Cruz-Rodriguez's general objection to his sentence as substantively and procedurally unreasonable.  We need not resolve this issue because Cruz-Rodriguez cannot prevail under either standard of review.

Rodriguez had a number of prior felony convictions that were not counted in his criminal history score, including a 2007 conviction for illegal reentry; (3) although Cruz-Rodriguez had received a 37-month sentence for his prior illegal reentry offense, he was now "facing a guideline range of 8-14 months imprisonment"; and (4) the government believed "such a short sentence will not deter the defendant from coming back to the United States."

The district court asked if there had been a change in the guidelines that explained why Cruz-Rodriguez's previous 37-month sentence had been so long. The government explained that Cruz-Rodriguez's current advisory guidelines range was shorter because some of his prior convictions were now too old to be counted toward his criminal history score.

Cruz-Rodriguez argued for a sentence within the advisory guidelines range, stating, inter alia, that he had not been arrested for a ten-year period and that his motivation for repeatedly returning to the United States was his fear for his safety due to crime in Honduras. After hearing Cruz-Rodriguez's mitigation arguments, the district court stated that an upward variance was appropriate, noting that his prior five removals were "a pretty aggravating circumstance." The government reviewed Cruz-Rodriguez's criminal history in the United States and argued that a 60-month sentence would deter Cruz-Rodriguez from returning to the United States.

4

The district court ultimately imposed a 40-month sentence, stating that it had considered the parties' statements, the PSI, which contained the advisory guidelines range, and the § 3553(a) factors. To explain its decision to vary upward, the district court stated that: (1) Cruz-Rodriguez's criminal record was not very recent, partially due to a period of incarceration and removal; (2) although Cruz-Rodriguez had not committed another crime except illegal reentry since he last entered the United States in 2013, his criminal history showed that in the past Cruz-Rodriguez, after being removed, had returned to the United States and committed more crimes; (3) Cruz-Rodriguez needed to understand that he was not welcome in the United States, despite the difficult situation he faced in Honduras; and (4) because Cruz-Rodriguez needed to be deterred, a "sentence somewhat longer than the last sentence [he] served [was] the appropriate sentence." After imposing the 40-month sentence, the district court stated, "I do want to note that the sentence I imposed was only three months longer than the last sentence that was imposed when the defendant illegally reentered."

There is no merit to Cruz-Rodriguez's contention that the district court "displaced" the guidelines range with the prior 37-month sentence or "relegat[ed] the guideline range to a meaningless afterthought." It is clear from the sentencing transcript that the district court began by considering the correctly calculated advisory guidelines range of 8 to 14 months. The district court concluded, not

5

unsurprisingly, that a sentence within that range would be inadequate to deter Cruz-Rodriguez based on his history of repeatedly returning to the United States after removal and the fact that Cruz-Rodriguez was undeterred by his last 37-month sentence for illegal reentry.  Both Cruz-Rodriguez's prior criminal history and the need for deterrence were proper factors for the district court to consider in deciding whether, and to what extent, to vary from the advisory guidelines range. See 18 U.S.C. § 3553(a)(1), (a)(2)(B).  More particularly, there was nothing improper in the district court's considering the length of Cruz-Rodriguez's prior illegal reentry sentence, which did not deter him from reentering the United States, in determining what length of sentence would adequately deter him in the future.

Citing Peugh v. United States, 569 U.S. 530, 544, 133 S. Ct. 2072, 2084 (2013), and Molina-Martinez v. United States, 578 U.S. ___, 136 S. Ct. 1338, 1346 (2016), Cruz-Rodriguez argues that the guidelines range is the "lodestone/lodestar" at sentencing.  We do not disagree with this uncontroversial, general proposition. The guidelines range is both the sentencing court's appropriate starting point and an important sentencing factor and in the usual case will have a significant effect on the ultimate sentence.  See Molina-Martinez, 578 U.S. at ___, 136 S. Ct. at 1346.  Nonetheless, as Booker tells us, the guidelines range is advisory, not mandatory, and one of several sentencing factors the district court must weigh in arriving at the appropriate sentence.  Thus, the district court may vary from that

6

advisory guidelines range based on other § 3553(a) factors when, in the court's discretion, it is appropriate to do so.

Here, the district court explicitly concluded that a guidelines sentence would be inappropriate, explained its reasons for varying upward, and those reasons were based on permissible factors and supported by the record.

In sum, we find no procedural error in the district court's consideration of the advisory guidelines range and weighing of the various § 3553(a) factors. Cruz-Rodriguez has not shown that his 40-month sentence is procedurally unreasonable.

**AFFIRMED.**